DIETER C. DAMMEIER, SBN 188789
dieter@policeattorney.com
MICHAEL A. MCGILL, SBN 231613
mcgill@policeattorney.com
MICHAEL A. MORGUESS, SBN 192838
morgues@policeattorney.com
**LACKIE, DAMMEIER & MCGILL APC**
367 North Second Avenue
Upland, CA  91786
Telephone: (909) 985-4003
Facsimile:  (909) 985-3299

Attorneys for Plaintiff
REHAN NAZIR

FILED

10 SEP -1  PM 1: 59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

REHAN NAZIR,

              Plaintiff.

         vs.

COUNTY OF LOS ANGELES [an entity
of unknown form]; COUNTY OF LOS
ANGELES DISTRICT ATTORNEY'S
OFFICE [an entity of unknown form];
LAWRENCE E. MASON, in his capacity
as Senior Special Assistant for the
COUNTY OF LOS ANGELES
DISTRICT ATTORNEY'S OFFICE;
CITY OF TORRANCE, a municipal
corporation; JOHN J. NEU, individually
and as Chief of Police of the City of
Torrance Police Department; DOES 1
THROUGH 10,

              Defendants.

Case No.: **CV10  6546**-MRP (AGR)

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF INDIVIDUAL CIVIL RIGHTS AND LIBERTIES WITH SUPPLEMENTAL STATE LAW CLAIMS**

**DEMAND FOR JURY TRIAL**

/ / /

1

# I

## JURISDICTION AND VENUE

1. Plaintiff's action is authorized by 42 U.S.C. §1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. §1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. §1343(4), providing for the protection of civil rights. Federal supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the Cities of Los Angeles and Torrance, within the Central District.

# II

## PARTIES

2. Plaintiff REHAN NAZIR (hereinafter "PLAINTIFF" or "NAZIR") is an individual and resident of Los Angeles County. At all relevant times unless otherwise mentioned herein was, Nazir was employed by Defendant City of Torrance in the capacity of police officer with the Torrance Police Department. NAZIR is a permanent police officer for the CITY OF TORRANCE and as such has a constitutionally cognizable property interest in his position.

3. Defendant COUNTY OF LOS ANGELES ("COUNTY") is, and at all times mentioned herein was, a public entity existing and organized under the laws of the State of California.

4. Defendant COUNTY OF LOS ANGELES DISTRICT ATTORNEY'S OFFICE ("DISTRICT ATTORNEY'S OFFICE") is, and at all

2

1   times herein mentioned was, a department of, an entity doing business on behalf

2   of, COUNTY.

3        5.     Plaintiff is informed and believes, and upon such information and

4   belief, alleges that Defendant LAWRENCE E. MASON ("MASON") is, and at all

5   times herein mentioned herein was, an individual employed by the DISTRICT

6   ATTORNEY'S OFFICE in the non-prosecutorial capacity of Senior Special

7   Assistant and as such is and was a third party neutral and final decisionmaker, on

8   whether police officers, including NAZIR, are placed on the COUNTY Brady

9   Alert System. He is sued in his individual capacity as Senior Special Assistant for

10   the DISTRICT ATTORNEY'S OFFICE.

11        6.     Defendant CITY OF TORRANCE ("CITY") is a duly constituted

12   municipal corporation operating under the laws of the State of California, wholly

13   situated in the County of Los Angeles. Torrance Police Department (hereinafter

14   "Department") is an operating department of CITY.

15        7.     Defendant JOHN J. NEU ("NEU") is, and at all times herein

16   mentioned was, the Chief of Police of the CITY Police Department. NEU is sued

17   individually in his capacity as the Chief of Police. In doing the things alleged

18   herein, NEU acted under color of state law, within the course and scope of his

19   employment, and as an official policy-maker for the City. As a head of the Police

20   Department, NEU is, and at all times herein mentioned was, vested with policy-

21   making authority over actions such as the ones at issue in this complaint.

22        8.     Plaintiff is ignorant of the true names and capacities of Defendants

23   and DOES 1 through 30 sued herein, and therefore sues these Defendants by

24   fictitious names. Plaintiff is informed and believes, and thereupon alleges, that

25   each of these fictitiously named Defendants is legally responsible, intentionally,

26   negligently, or in some other actionable manner, for the events and occurrences

27   described herein and thereby legally caused the injuries, damages, violations and

28   deprivation of rights alleged herein. Plaintiff will amend this complaint and seek

1    the true names and capacities of said fictitiously named Defendants when they

2    have been ascertained.

3         9.    At all times relevant herein, Defendants and DOES 1 through 30, and

4    each of them, were acting under color of law, to wit, under the color of statutes,

5    ordinances, regulations, policies, customs, practices, and usages of Defendants

6    COUNTY or CITY as appropriate and the State of California.  Defendants and said

7    DOE Defendants were acting within the course and scope of their employment

8    with COUNTY, DISTRICT ATTORNEY'S OFFICE, or CITY, and the wrongful

9    acts hereinafter described flow from their exercise of said authority.  In some

10    circumstances, each Defendant was also acting as an employee, agent and

11    representative of each and every Defendant herein, and in doing the acts herein

12    alleged, was acting within the permission, consent, ratification, and authority of

13    their co-Defendants.

### III

### FACTS COMMON TO ALL COUNTS

17         10.    On or about April 14, 2007, NAZIR and another CITY police officer

18    were working a patrol shift for CITY.  During that shift, NAZIR and the other

19    police officer learned that a robbery had occurred at a local convenience store, and

20    learned the suspect's description.

21         11.    Subsequent to learning of the robbery and suspect's description, and

22    during the same patrol shift, NAZIR and the other police officer used a

23    confidential informant to arrange a narcotics purchase from a suspected narcotics

24    dealer.

26         12.    Subsequent to arranging the narcotics transaction, and during the same

27    patrol shift, NAZIR and the other police officer observed someone matching the

description of the aforementioned robbery suspect in the vicinity of the same local convenience store that had been robbed, and who acted suspiciously.

13.     The person NAZIR and the other police officer observed also generally matched the description of the person from whom the confidential informant arranged to purchase narcotics; however, NAZIR and the other police officer had not previously worked with this particular confidential informant and given the tenuous nature of developing and using such contacts, did not know if the confidential informant or the information provided by the informant were trustworthy, reliable or accurate, and therefore could not ascertain whether the person then and there observed was the suspect from the earlier reported robbery or the person from whom the confidential informant had arranged to purchase narcotics, or neither.

14.     NAZIR and the other police officer decided to make contact with the observed person to ascertain whether he was the robbery suspect or the narcotics dealer

15.     Upon initiating a consensual encounter with the observed person, NAZIR and the other police officer determined he was the narcotics dealer from whom the confidential informant had arranged to purchase narcotics and placed him under arrest.

16.     NAZIR and the other police officer reported the arrest, and a Sergeant from the CITY police department arrived to provide assistance at the scene of the arrest. NAZIR and the other police officer briefed the Sergeant on the details of the arrest, including the use of the confidential informant.

17.     NAZIR prepared two Probable Cause Declarations ("PCD") detailing the probable cause supporting the contact and arrest, and an Arrest Report; pursuant to training he received by CITY, and consistent with law enforcement professional standards and customs, and case law, he omitted information

concerning use of the confidential informant.  The PCD and Arrest Report were reviewed with approval by the other police officer partnered with NAZIR and the Watch Commander, who is a lieutenant.

18.     Shortly thereafter, in or about the middle of April 2007, the DISTRICT ATTORNEY'S OFFICE filed criminal charges against the person arrested (the "Arrestee") by NAZIR and his partner; contemporaneous with the filing of said criminal charges, the DISTRICT ATTORNEY'S OFFICE was informed of the use of the confidential informant; nevertheless, the DISTRICT ATTORNEY'S OFFICE proceeded with the prosecution of the Arrestee.

19.     In or about October 2008, in the course of a federal prosecution against the Arrestee, his attorney learned of the use of a confidential informant and moved to dismiss the case filed in state court against him by the DISTRICT ATTORNEY'S OFFICE.

20.     In or about October 2008, the DISTRICT ATTORNEY'S OFFICE dismissed the state case against Arrestee.

21.     On or about December 2008, CITY police department initiated investigations of several of CITY's police officers who were involved in the arrest of Arrestee and concerning the arrest; however, although fully aware of the omission of the use of the confidential informant from the PCD and Arrest Report, CITY did not investigate NAZIR or seek to discipline him at that time; and none of the investigated police officers were disciplined.

22.     On February 9, 2009, the DISTRICT ATTORNEY'S OFFICE, through its Bureau of Prosecution Support Operations, Brady Compliance Unit, notified NAZIR that the Brady Compliance Unit had conducted an investigation determined that the PCD and Arrest report concerning Arrestee contained false information because it failed to contain information concerning use of the confidential informant; that it considered its findings to constitute "Brady

6

material," and the notice indicated that as a result thereof, NAZIR was being placed in the DISTRICT ATTORNEY'S OFFICE's "Brady Alert System."

23.    Plaintiff is informed and believes, and upon such information and belief alleges that "Brady material" refers to a prosecuting authority's discovery obligations pursuant to the United States Supreme Court case of *Brady v. Maryland* (1963) 373 U.S. 83 ("*Brady*").  Generally, *Brady* requires prosecutors to disclose to the defense evidence favorable to a defendant which is either exculpatory or impeaching and is material to either guilt or punishment; suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment.

24.    Plaintiff is informed and believes, and upon such information and belief, alleges that pursuant to DISTRICT ATTORNEY'S OFFICE Special Directive 02-08, the DISTRICT ATTORNEY'S OFFICE has created a "Brady Alert System" which is operated and maintained by the Brady Compliance Division and/or Brady Compliance Unit, which serves as a central repository for Brady material and coordinates and makes available to deputy district attorneys Brady material on peace officers, including police officers such as NAZIR, and governmentally employed expert witnesses.

25.    Plaintiff is informed and believes, and upon such information and belief, alleges that every deputy district attorney of the DISTRICT ATTORNEY'S OFFICE can access the Brady Alert System to determine whether information about a particular witness exists.

26.    There is no obligation of law which requires the DISTRICT ATTORNEY'S OFFICE to maintain the Brady Alert System; its creation is a matter of convenience.

27.    In its February 2, 2009, notice to NAZIR, the Brady Compliance Unit informed NAZIR that he was permitted only to file written objections and submit

7

additional written information to Senior Special Assistant MASON of the DISTRICT ATTORNEY'S OFFICE who would make the final decision as to whether NAZIR was to be placed in the Brady Alert System. The notice concluded that if placed in the Brady Alert System, NAZIR's employer would be so notified.

28.    On or about April 23, 2010, NAZIR submitted his written objections and further information in an attempt to have his name removed from the Brady Alert System. NAZIR was not permitted to appear before MASON, present live testimony, or cross-examine witnesses, or able to review all of the materials and information upon which the DISTRICT ATTORNEY'S OFFICE relied; nor was the DISTRICT ATTORNEY'S OFFICE required to carry any burden or present a case-in-chief in support of placement into the Brady Alert System.

29.    On June 3, 2010, Senior Special Assistant MASON rendered the final administrative decision on behalf of the DISTRICT ATTORNEY'S OFFICE and determined that there is substantial evidence that Brady material exists and that such information be placed into the District Attorney's Brady Alert system.

30.    On or about June 10, 2010, the Brady Compliance Unit of the DISTRICT ATTORNEY'S OFFICE notified Defendants CITY (NAZIR's employer) and Chief of Police NEU of the final administrative decision by MASON, who the DISTRICT ATTORNEY'S OFFICE identified as a neutral third party, of placing NAZIR in the Brady Alert System.

31.    On or about August 16, 2010, CITY, through Defendant NEU, issued a notice to NAZIR of CITY's intent to terminate NAZIR based on a finding that NAZIR made false statements in two PCDs and the Arrest Report prepared in connection with arrest of the Arrestee, and additionally the determination to place NAZIR's name in the Brady Alert System, and additionally the prospect that the DISTRICT ATTORNEY'S OFFICE may not file cases in which NAZIR is

8

involved.  Based upon information and belief, Nazir is the first officer in the state to be terminated due to his placement on the *Brady* list.

32.     Plaintiff is informed and believes, and upon such information and belief, alleges that placement in the Brady Alert System effectively blacklists NAZIR from further employment as a peace officer in that no law enforcement agency will hire him so long as he remains on the DISTRICT ATTORNEY'S OFFICE's Brady Alert System list.

## FIRST CAUSE OF ACTION
### *42 U.S.C. § 1983 – As Against COUNTY and*
### *DISTRICT ATTORNEY'S OFFICE*

33.     Plaintiff hereby incorporates each and every preceding paragraph as though fully set forth herein.

34.     NAZIR has a constitutionally cognizable property interest in his position as a police officer for CITY; the actions of Defendants COUNTY, DISTRICT ATTORNEY'S OFFICE as alleged herein have deprived NAZIR of his property interest.  Before it may do so, due process under the 5th and 14th amendments to the United States Constitution require that NAZIR be afforded a full and fair evidentiary hearing before a neutral third party, where Defendants COUNTY and DISTRICT ATTORNEY'S OFFICE are required to carry the burden to prove that NAZIR committed the conduct with which he is charged and that such conduct amounts, if at all, to Brady material; and where NAZIR may test such evidence and call and cross-examine witnesses and otherwise present testimony and argument in his behalf.

//

//

9

35.   Defendants COUNTY, DISTRICT ATTORNEY'S OFFICE failed to afford NAZIR due process in accordance with the above prior to placing and maintaining his name in the Brady Alert System; and by maintaining NAZIR's name in the Brady Alert System and communicating the placement of his name to other agencies, including Defendant CITY, Defendants have blacklisted NAZIR and deprived him of his current employment and have made it impossible for him to find new employment, and have infringed upon his constitutionally cognizable property and liberty interests.

36.   As a direct and proximate result of Defendants' actions, NAZIR was deprived of his rights, privileges, and immunities under the Fifth and Fourteenth Amendments to the United States Constitution, which states that "No State shall deprive any person of life, liberty, or property without due process of law."  Article I, Section 7 of the California Constitution states that a person may not be deprived of life, liberty or property without due process of law, or denied equal protection of the laws.  As a result of Defendants' action described herein, Defendants have deprived NAZIR of his Fourteenth Amendment due process rights.

37.   The acts and omissions of Defendants, and each of them, were done under color of state law in their capacity as a municipality or other entity chartered under state law, and as policy making authorities to which Defendants, and each of them, delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.

38.   Plaintiff is informed and believes, and upon such information and belief, alleges that the COUNTY has ratified and/or approved and adopted the DISTRICT ATTORNEY'S OFFICE'S conduct as complained of herein and the COUNTY is liable for the acts of its DISTRICT ATTORNEY'S OFFICE because it has delegated to and allowed the DISTRICT ATTORNEY'S OFFICE to engage in the acts complained of herein.

39. The acts and omissions described above were taken by Defendant COUNTY's, DISTRICT ATTORNEY's OFFICE'S official policy makers as members charged with such responsibility, and the acts and omissions described above were further taken pursuant to official policy and custom, to wit: DISTRICT ATTORNEY'S OFFICE's Special Directive 02-08 adopted December 7, 2002. It was or should have been plainly obvious to any reasonable policy making official of Defendants COUNTY and DISTRICT ATTORNEY'S OFFICE that their acts and omissions as alleged herein, taken singly or in conjunction, directly violated and continued to violate Plaintiff's clearly established constitutional and statutory rights. In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiff's rights, or at least in conscious, reckless, and callous disregard of Plaintiff's rights and to the injurious consequences likely to result from a violation of said rights. General, special, and exemplary damages are sought according to proof. Punitive damages are sought against the individual defendants, according to proof.

40. As a result of the conduct described herein by Defendants, Plaintiff has sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to good name, reputation, standing in the community, and other non-economic damages.

41. Plaintiff has no plain, speedy nor adequate remedy at law to prevent future violations of his civil rights, and therefore seeks extraordinary relief in the form of permanent injunctions, as hereafter described. Damages alone are inadequate and injunctive relief is sought to command Defendants to remove

11

NAZIR from the Brady Alert System until such time as he may be accorded a hearing pursuant to due process.

## SECOND CAUSE OF ACTION

*Petition for Writ of Administrative Mandate (Cal. Civ. Proc. §1094.5) – Against Defendants MASON, COUNTY and DISTRICT ATTORNEY'S OFFICE*

42.     Plaintiff hereby incorporates each and every preceding paragraph as though fully set forth herein.

43.     MASON's decision is invalid under California Code of Civil Procedure Section 1094.5 because he committed a prejudicial abuse of discretion in that the findings are contrary to the weight of the evidence, and the decision to include NAZIR in the Brady Alert System is not supported by the findings and constitutes a manifest abuse of discretion; MASON also failed to proceed in a manner authorized by law.

44.     Plaintiff has a fundamental vested right in his employment; by communicating to CITY the decision to place NAZIR in the Brady Alert System, COUNTY and DISTRICT ATTORNEY'S OFFICE placement as such is designed to, and COUNTY and DISTRICT ATTORNEY'S OFFICE desire to, affect, and did so affect, Plaintiff's employment. Therefore, the scope of review is under the independent judgment test.

45.     Plaintiff has exhausted all available administrative remedies of COUNTY and DISTRICT ATTORNEY'S OFFICE and has received a final administrative decision therefrom.

46.     Plaintiff is beneficially interested in the issuance of this Court's writ and has no plain, speedy, and adequate remedy, in the ordinary course of law.

## THIRD CAUSE OF ACTION

### *Petition for Writ of Mandate (Cal. Civ. Proc. §1085) – As Against COUNTY, DISTRICT ATTORNEY'S OFFICE and MASON*

47.     Plaintiff hereby incorporates each and every preceding paragraph as though fully set forth herein.

48.     The decision of MASON is arbitrary, capricious, and entirely lacking in evidentiary support and must therefore be set aside.

49.     Plaintiff has exhausted all available administrative remedies of COUNTY and DISTRICT ATTORNEY'S OFFICE and has received a final administrative decision therefrom.

50.     Plaintiff is beneficially interested in the issuance of this Court's writ and has no plain, speedy, and adequate remedy, in the ordinary course of law.

## FOURTH CAUSE OF ACTION

### *42 U.S.C. § 1983-As Against Defendants CITY and NEU*

55.     Plaintiff realleges and incorporates each and every preceding paragraph as though fully set forth herein.

56.     On January 3, 2008, NAZIR and the Torrance Police Officers Association filed a grievance against NEU and CITY alleging that NEU refused to fill a vacancy in the sergeant classification in violation of CITY police department policy and procedure, and that he, NAZIR, was entitled to a promotion to fill the vacancy. NEU then began efforts to remove NAZIR's name from the eligibility list for that position; NAZIR exhausted administrative remedies to oppose NEU's actions.

57.     On or about March 10, 2008, the Torrance Police Officers Association filed a petition for writ of mandate in state court to compel the CITY and NEU to fill the sergeant's vacancy. CITY and NEU then filled the sergeant's vacancy,

13

1  effectively mooting the petition, but only after NAZIR's decertification from the
2  list was final.

3      58.     On August 22, 2008, NAZIR filed a petition for writ of mandate and
4  complaint for damages against the CITY based on NEU's conduct in failing to
5  comply with CITY's municipal code, the CITY's memorandum of understanding
6  with the police officers association, and for retaliation California Government
7  Code Section 3304, the last cause of action being dismissed without prejudice
8  without ever reaching the merits.

9      59.     NAZIR has appealed the decision denying his petition.

10     60.     In or about October 2008, NAZIR filed a hostile work environment
11 complaint with the director of human resources of CITY against a sergeant.  The
12 CITY and police department investigated the complaint, including interviewing in
13 excess of 30 members of the police department; ultimately, and in 2009, the human
14 resources director determined the allegations of the complaint were unfounded or
15 did not constitute hostile work environment.
16

17     61.     In or about December 2008 NAZIR filed an internal affairs complaint
18 of misconduct against a lieutenant for comments made to co-workers about
19 NAZIR; an investigation was conducted and in or about December 2009, NAZIR
20 was informed that the allegations were unfounded.

21     62.     Plaintiff is informed and believes, and upon such information and
22 belief, alleges that CITY and NEU have now proposed and commenced NAZIR's
23 termination from employment as a result of, and in retaliation for the complaints
24 made to his employer, for NAZIR disclosing to COUNTY and DISTRICT
25 ATTORNEY'S OFFICE the policy of not disclosing the use of confidential
26 informants in PCDs and arrest reports; NAZIR filing grievances and initiating and
27 maintaining litigation directed at NEU's actions on behalf of the CITY and seeking
28 to compel compliance with the CITY's municipal code and memorandum of

understanding adopted by CITY through its city council; these same issues were of widespread concern such that the Torrance police officers association brought similar grievances and petitions against CITY and NEU.

63.     The retaliation exercised by CITY and NEU against Plaintiff has created a chilling effect on his First Amendment rights of redress and has directly resulted in his proposal for termination and resulting loss of income and benefits, pain and suffering, and emotional distress.

64.     In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiff under the First and Fourteenth Amendments to the United States Constitution to free expression.  Specifically, Defendants have taken the aforementioned action against Plaintiff in direct retaliation for, and in response to the various protected activities of Plaintiff.  The acts and omissions of Defendants, and each of them, were done by Defendants under color of state law in their capacity as a municipality chartered under state law, and as policy making authorities to which Defendant City delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.

65.     The acts and omissions described above were taken by Defendant CITY's official policy makers as members charged with such responsibility.  It was or should have been plainly obvious to any reasonable policy making official of Defendant CITY that the acts and omissions of Defendants as alleged herein, taken singly or in conjunction, directly violated and continued to violate Plaintiff's clearly established constitutional and statutory rights.  In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiff's rights, or at least in conscious, reckless, and callous disregard of Plaintiff's rights and to the injurious consequences likely to result from a violation of said rights.  General,

1
2
special, and exemplary damages are sought according to proof. Punitive damages are sought against the individual defendants, according to proof.

3
4
5
6
7
8
9
66. Plaintiff has no plain, speedy nor adequate remedy at law to prevent future violations of his civil rights, and therefore seeks extraordinary relief in the form of permanent injunctions, as hereafter described. Damages alone are inadequate and injunctive relief is sought to command Defendants to reinstate Plaintiff, in order to place him in a position he would have been in, absent the unlawful conduct by Defendants.

10
11
## FIFTH CAUSE OF ACTION

12
*California Government Code §§ 3304(d); 3309.5 – As Against Defendant CITY*

13
14
67. Plaintiff hereby incorporates each and every preceding paragraph as though fully set forth herein.

15
16
17
18
68. Plaintiff is a peace officer as that term is defined in California Government Code Section 3301 and is therefore entitled to the rights and protections of the Public Safety Officers Procedural Bill of Rights Act ("Act") (Cal. Govt. Code § 3300 et seq.).

19
20
21
22
23
24
69. Although as early as April 2007, and no later than October 2008, CITY and NEU were aware of all facts and circumstances of the PCDs and Arrest Report concerning the arrest of Arrestee, as well as omission by NAZIR of the information concerning the confidential informant from the PCDs and Arrest Report, it did not investigate and notify NAZIR of the intent to terminate or otherwise discipline him based upon said conduct until June 2010.

25
26
27
28
70. California Government Code Section 3304(d) provides that, with certain exceptions not applicable herein, no punitive action shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a

person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct; in the event the public agency determines that discipline may be taken, it shall complete its investigation and notify the police officer of its proposed disciplinary action within that year.

71.     Defendants CITY and NEU were aware of the acts constituting the misconduct for which they now propose NAZIR's termination, more than one year prior to proposing NAZIR's termination, and therefore the proposed termination violates California Government Code Section 3304(a).

72.     California Government Code Section 3309.5(c) authorizes this court to have initial jurisdiction over this action without requiring Plaintiff to first exhaust any administrative remedies.

73.     Defendants CITY and NEU, on behalf of CITY, acted maliciously to violate Plaintiff's rights herein by imposing discipline in part for acts, omissions or other allegations of misconduct well beyond the one-year statute of limitations in Cal. Govt. Code Section 3304(d), and did so with intent to injure Plaintiff, and therefore pursuant to California Government Code Section 3309.5(e), Plaintiff seeks actual damages according to proof and a civil penalty of up to $25,000.

74.     Plaintiff seeks extraordinary relief, in the form of this Court's writ of mandate, or injunctive relief, pursuant to California Government Code Section 3309.5(d)(1), enjoining CITY and NEU from disciplining Plaintiff based on the acts, omissions, or other allegations of misconduct concern the arrest of Arrestee, the PCDs and Arrest Report.

## PRAYER

WHEREFORE, Plaintiff prays:

1.     For general, special, exemplary and punitive damages according to proof;

2.  For a writ of mandate commanding Defendants COUNTY, DISTRICT ATTORNEY'S OFFICE and MASON, to set aside their decision to place Plaintiff in the Brady Alert System;

3.  For an injunction and/or writ of mandate enjoining Defendants CITY and NEU from disciplining for the acts, omissions, or other allegations of misconduct described in the August 16, 2010, disciplinary notice issued by NEU;

4.  For costs of suit;

5.  For attorneys fees under the 42 U.S.C. Section 1988; California Government Code Sections 800, 1021.5 and 3309.5; and as otherwise permitted by law;

6.  For other appropriate relief.

Dated: September 1, 2010            Respectfully Submitted,

LACKIE, DAMMEIER & MCGILL APC

_____
Michael A. Morguess
Attorneys for Plaintiff,
REHAN NAZIR

18

# DEMAND FOR JURY

Plaintiff hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 3.4.10.1.

Dated:  September 1, 2010

Respectfully Submitted,

LACKIE, DAMMEIER & MCGILL APC

Michael A. Morguess
Attorneys for Plaintiff,
REHAN NAZIR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV10- 6546 MRP (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

REHAN NAZIR )
)
*Plaintiff* )
)
v. ) Civil Action N **CV 10 6546-**MRP
) (AGR)
COUNTY OF LOS ANGELES, [an entity of )
unknown form];  (See Attachment) )
)
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  To All Named Defendants (See attachment for additional Defendants)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  **►1 .SEP 2010**

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                    .

&#10005; I personally served the summons on the individual at *(place)*

on *(date)*                    ; or

&#10005; I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

&#10005; I served the summons on *(name of individual)*                                              , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

&#10005; I returned the summons unexecuted because                                              ; or

&#10005; Other *(specify):*

My fees are $                 for travel and $                 for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Nazir v. County of Los Angeles et. al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

COUNTY OF LOS ANGELES DISTRICT ATTORNEY'S OFFICE [an entity of unknown form];
LAWRENCE E, MASON, in his capacity as Senior Special Assistant for the COUNTY OF LOS ANGELES
DISTRICT ATTORNEY'S OFFICE; CITY OF TORRANCE, a municipal corporation; JOHN J. NEU,
individually and as Chief of Police of the City of Torrance Police Department; DOES 1 THROUGH 10,

Defendants.

Page   3   of   3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> Rehan Nazir | **DEFENDANTS** <br> COUNTY OF LOS ANGELES, [an entity of unknown form]; <br> (Please see attached) |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Los Angeles County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Los Angeles County |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Michael A. Morguess, Esq. SBN 192838 <br> Lackie Dammeier McGill, APC <br> 367 N. Second Avenue <br> Upland, CA 91786    Tel: (909) 985-4003 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C Section 1983 for deprivation of due process and relation for First Amendment activity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☑ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   ☐ Yes

If yes, list case number(s):    **CV10  6546**

**FOR OFFICE USE ONLY:**   Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
   Los Angeles County

**List the California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date ____ August ____, 2010

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| — Nazir v. County of Los Angeles, et al. | |

1  Attachment to CIVIL COVER SHEET:

2  COUNTY OF LOS ANGELES DISTRICT ATTORNEY'S OFFICE [an entity of unknown form];
3  LAWRENCE E, MASON, in his capacity as Senior Special Assistant for the COUNTY OF LOS
4  ANGELES DISTRICT ATTORNEY'S OFFICE; CITY OF TORRANCE, a municipal corporation; JOHN
   J. NEU, individually and as Chief of Police of the City of Torrance Police Department; DOES 1
5  THROUGH 30,

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___3___ |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com